UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES                              CRIMINAL DOCKET

VERSUS                                     NO: 11-288

DARRION BROWN                              SECTION "R"

## ORDER AND REASONS

Before the Court is defendant Darrion Brown's Motion to Withdraw Guilty Plea.  Because Brown has failed to provide a fair and just reason for permitting withdrawal of the plea, the Court DENIES the motion.


## I.  BACKGROUND

On November 17, 2011, a federal grand jury returned a four-count indictment charging Brown with violations of the Federal Controlled Substances Act.[1]  Count 1 charges Brown with conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base.  Counts 2-4 charge Brown with distribution of 28 grams of more of cocaine base on three separate occasions.  Between February and June 2012, the Court granted three motions to continue Brown's trial date.[2] In July 2012, Brown terminated his attorney, who then moved to withdraw

---

[1] R. Doc. 1.

[2] R. Docs. 20, 27, 31.

as counsel.[3]  The Court appointed Paul Charles Fleming of the
Federal Public Defender's Office to represent Brown.[4]  The Court
granted two additional continuances at Brown's request, the
second of which was sought because Brown was dissatisfied with
Fleming's services.  The magistrate judge held a hearing to
address Brown's concerns with his attorney, at which time Brown
and Fleming advised the magistrate judge that the matter had been
resolved.[5]  On March 18, however, the Court received a letter
from Brown requesting the appointment of new counsel.  The Court
permitted Fleming to withdraw as attorney and again continued
Brown's trial date.[6]  At the Court's request, the Federal Public
Defender assigned Juana Marine-Lombard from the CJA Panel to
represent Brown.[7]

On June 18, 2013, defendant pleaded guilty pursuant to a
plea agreement to Count 1 of the indictment.[8]  In exchange for
his plea, the Government agreed to move to dismiss Counts 2-4 and
agreed not to charge Brown with possession of a firearm in
furtherance of a drug trafficking crime under 18 U.S.C. §

---

[3] R. Doc. 34.

[4] R. Doc. 39.

[5] R. Doc. 51.

[6] R. Docs. 56, 58.

[7] R. Doc. 60.

[8] R. Doc. 68.

924(c)(1), which would have resulted in a sentence of at least five years in addition to any other term of imprisonment.  The Government also agreed that Brown was entitled to a three-level reduction in his guideline offense level for timely acceptance of responsibility.[9]

The factual basis stated that Brown "often possessed a semi-automatic handgun throughout the course of the conspiracy to further, advance and help forward his drug trafficking activities."[10]  It also described how Brown's co-defendant, Jamar Washington, delivered drugs "on behalf of Brown."[11] At re-arraignment, Brown stated under oath that he had read the factual basis and discussed it with his lawyer and that the facts stated therein were true.[12]  Brown also signed the factual basis.[13]

In preparing Brown's pre-sentence investigation report ("PSR"), the probation officer assessed Brown a two-level increase in his offense level under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon in connection with the offense. He also assessed Brown a two-level increase under U.S.S.G. § 3B1.1(c) for his supervisory role in the offense.  Accordingly,

---

[9] R. Doc. 70.

[10] R. Doc. 69 at 2.

[11] *Id.* at 4.

[12] R. Doc. 96-1 at 27-28.

[13] R. Doc. 69 at 5.

Brown was assigned an offense level of 36, which was reduced to 33 due to his timely acceptance of responsibility.  Based on an offense level of 33 and a criminal history category of I, the probation officer calculated Brown's advisory guideline range to be 135 to 168 months.  Brown faces a statutory minimum sentence of 120 months.[14]

Defendant objected to both of the two-level increases on November 25, 2013.[15]  He moved to continue the date of his sentencing on December 5, 2013, and the Court granted the request, resetting sentencing for February 5, 2013.[16]  Brown waited until the day before sentencing–more than seven months after pleading guilty and nearly three months after the probation officer issued the draft PSR–to move to withdraw his guilty plea.[17]  Brown claims that "it was not his intent to plead guilty to all the allegations in the factual basis" and that "he did not fully understand the allegations as set forth in the factual basis or the implications of the plea."  Brown "maintains that he is not guilty of certain additions [sic] offenses listed in the factual basis" and argues that "parts of the factual basis is

---

[14] R. Doc. 79.

[15] R. Doc. 79 at 20.

[16] R. Docs. 81, 82.

[17] R. Doc. 92.

[sic] not true and he did not fully understand that he was pleading to certain crimes that he did not commit."[18]

Over the Government's objection, the Court granted yet another request to continue sentencing and now considers defendant's request to withdraw the plea.


## II.  LEGAL STANDARD

"It is well settled that there is no absolute right to withdraw a guilty plea before the imposition of sentence." *United States v. Rasmussen*, 642 F.2d 165, 167 (5th Cir. 1981) "Instead, the right to do so is within the sound discretion of the trial court."  *Id.*  The Court may permit withdrawal before sentencing if the defendant can establish a "fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2).

When considering whether to grant a motion to withdraw a guilty plea, the Court considers the factors set forth in *United States v. Carr*: whether (1) defendant has asserted his innocence; (2) the government would suffer prejudice if the withdrawal motion were granted; (3) the defendant delayed in filing his withdrawal motion; (4) the withdrawal would substantially inconvenience the court; (5) close assistance of counsel was available; (6) the original plea was knowing and voluntary; and (7) the withdrawal would waste judicial resources.  740 F.2d 339,

---

[18] *Id.*

5

343-44 (5th Cir. 1984); *accord United States v. Marquez*, 12-41422, 2013 WL 6044228, at *2 (5th Cir. Nov. 15, 2013).  The Court also considers "the reason why defenses advanced later were not proffered at the time of the original pleading, or the reasons why a defendant delayed in making his withdrawal motion." *Id.* at 344.

"No single factor or combination of factors mandates a particular result." *United States v. Badger*, 925 F.2d 101, 104 (5th Cir. 1991).  Instead, the Court makes its determination based on the totality of the circumstances. *Carr*, 740 F.2d at 344 (citing *United States v. Morrow*, 537 F.2d 120, 146 (5th Cir. 1976)).  "For example, the longer a defendant delays in filing a withdrawal motion, the more substantial reasons he must proffer in support of his motion." *Id.* (citing *United States v. Barker*, 514 F.2d 208, 222 (D.C. Cir. 1975)).  "The burden of establishing a fair and just reason for withdrawing a guilty plea remains at all times on the defendant." *Badger*, 925 F.2d at 104 (citing *United States v. Hurtado*, 846 F.2d 995, 997 (5th Cir. 1988)).

**III. DISCUSSION**

Upon consideration of the *Carr* factors and the totality of the circumstances, the Court concludes that Brown has failed to establish a "fair and just reason" for the Court to permit withdrawal of his guilty plea.

### A. Assertion of Innocence

Brown does not assert his innocence of the crime to which he pleaded guilty–that is, conspiracy to distribute and to possess with intent to distribute 280 grams of cocaine base.  Rather, contrary to his sworn statements affirming the accuracy of the factual basis, he now maintains that he is "not guilty of certain additions [sic] offenses listed in the factual basis."[19]  The burden is on the defendant to demonstrate a fair and just reason for withdrawal, and Brown cannot carry that burden when he fails even to identify the precise issue with his plea.  Moreover, Brown's "[s]olemn declarations in open court" as to the accuracy of the factual basis "carry a strong presumption of verity."  *See United States v. Adam*, 296 F.3d 327, 333 (5th Cir. 2002).  Brown did not claim innocence of the conduct charged in the factual basis until *after* viewing the PSR and learning that the conduct would negatively impact his guidelines range–some seven months after entering his guilty plea.  The timing of his motion undermines the credibility of his protestations of partial innocence, and as the Fifth Circuit stated in *Carr*, the purpose of allowing a defendant to withdraw his plea "is not to allow a defendant to make a tactical decision to enter a plea, wait

---

[19] In a letter addressed directly to the Court, which was forwarded to Brown's counsel, Brown was equally vague in describing his concerns.  He indicated only that he questioned "certain language" in the factual basis and that this language had an adverse effect on his sentencing guidelines calculation.

several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." 740 F.2d at 345.

Finally, a claim of innocence does not, by itself, justify withdrawal, *Hurtado* 846 F.2d at 997 (citing *Carr*, 740 F.2d at 344), and the other *Carr* factors weigh heavily against permitting withdrawal.

### B.   Prejudice to the Government

The Government believed that it had disposed of this case in June 2013, and it argues that

> [a] trial in this matter at this late stage would force the Government to go back and review numerous pieces of evidence and speak to numerous witnesses to review their testimony for trial.  A withdrawal of this guilty plea would also force the government to put on hold several investigations that are currently being conducted, since the undersigned AUSA and federal agent would have to spend considerable time and expense to prepare this case for trial.

Brown does not claim otherwise.  Even if no prejudice would result, that a defendant has asserted his innocence and the government will not suffer prejudice does not compel the Court to grant withdrawal when no credible reason for withdrawal is proffered.  *Carr*, 740 F.2d at 345.

### C.   Delay

As the Court noted, Brown waited seven months after entering his guilty plea and three months after receiving the PSR before moving to withdraw the plea the day before sentencing.  Brown provides no justification whatsoever for this delay.  In *Carr*,

8

the Fifth Circuit held that a district court did not abuse its discretion in denying the defendant's motion to withdraw his guilty plea when the defendant waited 22 days to request withdrawal of the plea and only did so three days before his sentencing.  740 F.2d at 345.  This factor weighs strongly against permitting withdrawal.

### D.   Inconvenience to the Court and Waste of Judicial Resources

Vacating Brown's guilty plea would not substantially inconvenience to the Court, but it would result in a waste of judicial resources.  Brown was indicted in November 2011.  Over the last two-and-a-half years, Brown has obtained eight continuances and gone through three lawyers, including two federally appointed defenders.  There is no indication that Brown ultimately would choose to go through with a trial if he were allowed to withdraw the plea, as he has not once professed his innocence of the crime charged.  In light of the substantial delay to date in the resolution of this case and the public expense already incurred as a result of Brown's inability to work with his previous attorneys, the Court concludes that allowing Brown to withdraw his plea would result in a waste of judicial resources.

### E.   Close Assistance of Counsel

Brown does not allege that he was denied close assistance of counsel, and the burden is on him to do so.  There is nothing in

the record that suggests any deficiencies in counsel's performance, and Brown stated under oath at re-arraignment that he had sufficient time to discuss his case with his attorney and that he was satisfied with her services.[20]  Brown confirmed that he had read the factual basis and reviewed it with his attorney and that the facts stated in it were true.[21]  In addition, Brown testified that his attorney had discussed the Sentencing Guidelines with him.[22]  Likewise, Brown's attorney stated under oath that she had a full opportunity to investigate the facts, the law, and any possible defenses and that she had explained the charges and applicable mandatory minimum sentence to Brown.[23] Because "solemn declarations in open court carry a strong presumption of verity," and because Brown does not now complain of the quality of his counsel, this factor weighs against permitting withdrawal of the plea.

### F.   Knowing and Voluntary Nature of the Plea

The sixth factor is whether defendant's guilty plea was knowing and voluntary.  For a plea to be knowing and voluntary, "the defendant must be advised of and understand the consequences of the guilty plea."  *United States v. Gaitan*, 954 F.2d 1005,

---

[20] R. Doc. 96-1 at 24-25.

[21] *Id.* at 27-28.

[22] *Id.* at 7.

[23] *Id.* at 25.

1011 (5th Cir. 1992) (citing *United States v. Pearson*, 910 F.2d
221, 223 (5th Cir. 1990)).  With respect to sentencing, the
"consequences of a guilty plea" means only "that the defendant
must know the maximum prison term and fine for the offense
charged." *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir.
1990).  As long as a defendant understands the length of the time
he might possibly receive, he is fully aware of his plea's
consequences. *See id.* (quoting *United States v. Rivera*, 898 F.2d
442, 447 (5th Cir. 1990)).  Due process does not mandate "notice,
advice, or a probable prediction of where, within the statutory
range, the guideline sentence will fall." *Id.*

Brown contends in his unsworn pleading that "he did not
fully understand the allegations as set forth in the factual
basis or the implications of the plea."  Referring again to the
conduct described in the factual basis, he claims that "he did
not fully understand that he was pleading to certain crimes that
he did not commit."

Again, defendant stated under oath that he had read the
factual basis and reviewed it with his attorney and that the
facts contained within it were true.  His unsworn, eleventh-hour
assertions that he did not understand the allegations do not
convince the Court otherwise.  The Court informed the defendant
of the mandatory minimum and the maximum possible sentence for

the charge in the indictment.[24]  Brown confirmed his understanding that the Court was required to impose at least the mandatory minimum sentence and that it could impose the maximum sentence of life in prison.[25]  He also confirmed his understanding that the sentence the Court imposed could be different from any estimate given to him by his lawyer.[26] Brown's sworn assertions demonstrate that he understood the full extent of his sentencing exposure, and he does not argue otherwise.  That he allegedly misapprehended where within the statutory range his guideline sentence would fall does not render the plea involuntary.

Accordingly, after considering the totality of the circumstances, the Court finds that defendant has failed to show a fair and just reason for withdrawing his guilty plea.

**IV.  CONCLUSION**

For the foregoing reasons, the Court DENIES defendant's Motion to Withdraw his Guilty Plea.

New Orleans, Louisiana, this 13th day of February, 2014.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[24] R. Doc. 96-1 at 6.

[25] *Id.* at 8-9.

[26] *Id.* at 7.

12