UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

CRIMINAL ACTION

VERSUS

NO. 11-288

DARRION BROWN

SECTION "R"

## ORDER AND REASONS

Before the Court is Darrion Brown's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  For the following reasons, the Court DENIES the motion.

## I.    BACKGROUND

On November 17, 2011, Brown was indicted on one count of conspiring to distribute and possess with the intent to distribute crack cocaine in violation of Title 21, U.S.C. § 841(a)(1), (b)(1)(A), and 846, and three counts of knowingly and intentionally distributing and possessing with the intent to

---

[1]     R. Doc. 130.

distribute crack cocaine in violation of Title 21 U.S.C. § 841(a)(1), (b)(1)(B).[2]

On June 18, 2013, Brown pleaded guilty to count 1 of the indictment.[3]

Brown also entered a plea agreement with the Government under Federal Rule of Criminal Procedure 11.[4]   Under the terms of the plea agreement, the Government agreed (1) to dismiss charges two through four at sentencing; (2) to not charge Brown with possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, U.S.C. § 924(c)(1), as it relates to the charges in the Indictment; (3) that Brown timely accepted responsibility for his offense under Section 3E1.1 of the Sentencing Guidelines and was therefore entitled to a three-point reduction in offense level; and (4) to inform the Court of any cooperation Brown rendered prior to sentencing.[5]  In exchange, and in addition to his guilty plea, Brown waived his right to appeal his conviction or sentence, except that he reserved the right to bring a direct appeal of any sentence above the statutory maximum.[6] Further, Brown waived his right to contest his conviction or sentence in any collateral proceeding, including under 28 U.S.C. § 2255, except if he established that ineffective assistance of counsel directly affected the validity

---

[2]      R. Doc. 1 at 1-2.
[3]      R. Doc. 70.
[4]      *Id.*
[5]      *Id.*
[6]      *Id.* at 3.

of his waiver of appeal and collateral challenge rights or the validity of the guilty plea itself.[7]

Brown also signed a factual basis in which he admitted to the facts underlying his guilty plea.[8]  In the factual basis, Brown admitted that he conspired with others to distribute and possess with the intent to distribute crack cocaine on three occasions.[9]  He also admitted to possessing a semi-automatic handgun throughout the course of the conspiracy to further the conspiracy.[10]  Additionally, he admitted that an assault rifle was located in the room in which Brown was residing and that Brown admitted to his arresting officers that the rifle was his.[11]

During Brown's rearraignment, the Court asked Brown if he understood his guilty plea, and if he was knowingly and voluntarily pleading guilty, to which he affirmatively responded.[12]  Brown also told the Court that he was pleading guilty because he was in fact guilty of the crime charged,[13] and that he signed the factual basis and that the facts stated within the factual

---

[7]     *Id.* at 3-4.
[8]     R. Doc. 69.
[9]     *Id.* at 1-2.
[10]    *Id.* at 2.
[11]    *Id.* at 4-5.
[12]    R. Doc. 117 at 7-10, 29 (Rearr. Transcipt).
[13]    *Id.* at 12.

basis were true.[14]   Brown further stated that he understood his plea agreement, and that he understood that in the agreement he waived the right to appeal the sentence imposed by the Court, including the right to bring a post-conviction proceeding, unless the sentence was in excess of the statutory maximum.[15]   Brown also testified that he was satisfied with the advice and services of his lawyer.[16]

Seven months after pleading guilty and one day before his scheduled sentencing, Brown moved to withdraw his guilty plea.[17]   Brown argued that it was not his intent to "plead guilty to all the allegations in the factual basis and that he plead [sic] on the advice of counsel."[18]   Brown further argued that he did not fully understand the allegations set forth in the factual basis or the implications of the plea.[19]   Brown did not argue that he was innocent of the underlying offense, but solely that he was not guilty of certain "additions [sic] offenses listed in the factual basis."[20]   Brown's sentencing was continued so that the Court could consider his motion.[21]   On February 13, 2014, the Court

---

14      *Id.* at 28.
15      *Id.* at 18.
16      *Id.* at 25.
17      R. Doc. 92.
18      *Id.* at 1.
19      *Id.*
20      *Id.* at 2.
21      R. Doc. 94.

denied Brown's motion because Brown did not assert his innocence, did not timely file the motion, and did not show that his plea was unknowing and involuntary.[22]

On February 19, 2014, the Court sentenced Brown to 135 months of imprisonment, five years of supervised release and ordered him to pay a special assessment of $100.[23]  Brown's sentence was not above the statutory maximum and did not constitute an upward departure from the applicable sentencing range.  Brown appealed his sentence to the Fifth Circuit,[24] where his appeal was dismissed as frivolous on March 18, 2015.[25]

On February 16, 2016, Brown filed this petition for post-conviction relief under 28 U.S.C. § 2255.  In his petition, Brown alleges that he received ineffective assistance of counsel in four aspects of his representation: (1) after his indictment, when his attorneys failed to argue that the conspiracy charge in count 1 was duplicitous; (2) before he pleaded guilty, when his attorneys counseled him to sign an inaccurate plea agreement and factual basis; (3) prior to sentencing, when his attorneys failed to object to an email from an

---

[22]    R. Doc. 100 at 6-10.
[23]    R. Doc. 103.
[24]    On August 25, 2014, the Federal Public Defender's Office filed an *Anders* brief stating that there were no nonfrivolous bases to challenge Brown's guilty plea or sentence.  R. Doc. 130-2 at 11.
[25]    R. Doc. 124.

Assistant United States Attorney concerning Brown's use of a firearm; and

(4) after sentencing, when his appellate attorney failed to file a meritorious

appeal.[26]  The Court ordered the Government to file a response to Brown's

motion,[27] which it did,[28] and Brown replied.[29]

## II.   LEGAL STANDARDS

### A.   28 U.S.C. § 2255

Section 2255 of Title 28 of the United States Code provides that a

federal prisoner serving a court-imposed sentence "may move the court

which imposed the sentence to vacate, set aside or correct the sentence."  28

U.S.C. § 2255(a).  Only a narrow set of claims are cognizable on a section

2255 motion. The statute identifies four bases on which a motion may be

made: (1) the sentence was imposed in violation of the Constitution or laws

of the United States; (2) the court was without jurisdiction to impose the

sentence; (3) the sentence exceeds the statutory maximum sentence; or (4)

the sentence is "otherwise subject to collateral attack."  *Id.*  A claim of error

that is neither constitutional nor jurisdictional is not cognizable in a section

---

[26]    R. Doc. 130-1 at 8-20.  Brown at times refers to the ineffective ass
[27]    R. Doc. 131.
[28]    R. Doc. 140.
[29]    R. Doc. 141.

2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." *Rules Governing Section 2255 Proceedings*, Rule 4(b).  If the motion raises a non-frivolous claim to relief, the court must order the government to file a response or to take other appropriate action. *Id.*  The judge may then order the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. *Rules Governing Section 2255 Proceedings*, Rules 6-7.

After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted. *Rules Governing Section 2255 Proceedings*, Rule 8. An evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).  No evidentiary hearing is required, however, if the prisoner

fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence.  *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved.  *Brecht v. Abrahamson*, 507 U.S. 619, 629-30 (1993).  For other "trial" errors, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case.  *Id.* at 637-38; *see also United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht's* harmless error standard in a section 2255 proceeding).  If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

### B.    Ineffective Assistance of Counsel

To establish a claim of constitutionally ineffective assistance of counsel, petitioner must show both (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance, the likely outcome of the proceeding would have been

different. *See Strickland v. Washington*, 466 U.S. 668, 687-96 (1984). Petitioner must meet both prongs of the *Strickland* test and, if the Court finds that petitioner has made an insufficient showing as to either prong, the Court may dispose of the claim without addressing the other prong. *See id.* at 697.

As to the first prong of the *Strickland* test, counsel's performance must be compared to "an objective standard of reasonableness, mindful of the strong presumption of adequacy." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997). A court should not find inadequate representation merely because, with the benefit of hindsight, the court disagrees with counsel's strategic choices. *Id.* The Fifth Circuit has made clear that "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Id.* (quoting *Garland v. Maggio*, 717 F .2d 199, 206 (5th Cir. 1983) (on rehearing)). As to the second *Strickland* prong, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

## III.   DISCUSSION

The Government argues that in his plea agreement Brown waived his right to bring this motion, and that even assuming Brown had not waived his rights, his ineffective assistance claims are meritless.[30]   As a threshold matter, the Court must determine if Brown's arguments are foreclosed by the waiver in his plea agreement.

### A.   Waiver of Appeal Rights

A defendant may waive his statutory right to appeal as part of a plea agreement.  *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995) (citing *United States v. Melancon*, 972 F.2d 566, 567 (5th Cir. 1992)).  A waiver of post-conviction relief such as under 28 U.S.C. § 2255 is valid if the waiver is informed and voluntary.  *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).  The defendant must know that he had "a right to appeal his sentence and that he was giving up that right." *United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994) (internal quotation marks and citation omitted). It is the responsibility of the district court "to insure that the defendant fully understands his right to appeal and the consequences of waiving that right." *United States v. Gonzalez*, 259 F.3d 355, 357 (5th Cir. 2001) (quoting *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992)).

---

[30]      R. Doc. 140 at 4-5.

Here, the evidence indicates that Brown's plea and waiver were both knowing and voluntary.[31] Brown's signed plea agreement contains an express waiver of his right to appeal or seek relief under section 2255.[32] In addition, during Brown's rearraignment the Court summarized the indictment, noted the maximum terms of imprisonment under the statute and specifically questioned Brown about his appeal waiver.[33] The Court asked if Brown's attorney had explained the terms of the plea agreement and Brown confirmed that she had, and that he understood the terms of the plea agreement.[34] Brown stated that he understood he was waiving his right to appeal, except under the limited circumstances outlined in the plea agreement.[35] Brown acknowledged that his attorney had advised him of his appeal rights and the effect of waiving his appeal rights.[36] The Court specifically confirmed that Brown understood the terms and conditions of the plea agreement and that he had not been induced or persuaded to plead guilty because of any promises or threats made by anyone.[37]   Brown's

---

[31]     Indeed, the Court already found that Brown's plea was knowing and voluntary when it denied Brown's motion to withdraw his plea.  R. Doc. 100 at 10-11.

[32]     R. Doc. 70 at 3.

[33]     R. Doc. 117 at 18.

[34]     *Id.* at 13.

[35]     *Id.* at 18.

[36]     *Id.*

[37]     *Id.* at 13-14.

11

attorney stated he was satisfied that Brown was pleading guilty voluntarily, understandingly, and with full knowledge of the consequences of his plea.[38] Later, the Court again asked and Brown confirmed that he understood the consequences of pleading guilty and was pleading guilty knowingly and voluntarily.[39] Brown's "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  The Court finds that Brown fully understood the waiver of his right to appeal and the waiver of his right to file post-conviction motions when his plea was accepted.  Accordingly, Brown has waived his claims that the factual basis was inaccurate and that the charge in Count One was duplicitous.

The Court finds that Brown has also waived his ineffective assistance of counsel claims based on his trial attorney's failure to argue that the charge was duplicitous, the failure to object to the email from the AUSA, and the failure to file a meritorious appeal.  A defendant's waiver of appeal in a plea agreement "may not be enforced against a section 2255 petitioner who claims that ineffective assistance of counsel rendered *that waiver* unknowing or involuntary." *United States v. White*, 307 F.3d 336, 341 (5th Cir. 2002) (emphasis in original) (citation omitted). But, an ineffective assistance of

---

[38]     *Id.* at 25.
[39]     *Id.* at 28-29.

counsel argument survives a waiver of appeal "only when the claimed [ineffective] assistance directly affected the validity of that waiver or the plea itself." *Id.* at 343. If the plea and waiver were knowing and voluntary and the issue challenged on appeal is properly subject to waiver, "the guilty plea sustains the conviction and sentence and the waiver can be enforced." *Id.* at 343-44. Put differently, Brown may not raise claims that he "received ineffective assistance of counsel at stages of the proceedings *other than* the plea or waiver itself." *Id.* at 341 (emphasis in original).

Brown has presented no evidence or argument to suggest that his attorney's failure to challenge the charge as duplicitous or object to the email from the AUSA before his plea affected the validity of his waiver of appeal and collateral challenge rights or the validity of the guilty plea. *See id* at 344. (holding plea agreement waived petitioner's right to challenge his sentence under section 2255 and thus barred his claim of ineffective assistance at sentencing). The Court finds that Brown's ineffective assistance of counsel claim regarding his attorney's performance before his plea is subject to waiver and his waiver cannot be evaded. And as his appellate counsel's performance occurred after his plea, it cannot be said that his appellate counsel's performance affected the validity of his plea and waiver. Therefore,

this argument is waived as well. *See Hart v. United States*, No. 07-105, 2011

WL 3678937, at *6 (E.D. La. Aug. 23, 2011) (citing *White*, 307 F.3d at 343).

## B. Ineffective Assistance of Counsel as to Plea and Waiver

Brown does argue that the ineffective assistance of his trial counsel

rendered his plea agreement and subsequent waiver unknowing and/or

involuntary.[40]  According to Brown, both of his trial attorneys insisted he

sign the plea agreement and factual basis despite the inclusion in the factual

basis that Brown often possessed a semi-automatic handgun.[41]   Brown

alleges that his attorneys knew this was false, and that his attorneys also

misinformed and misguided Brown into thinking that he could challenge the

handgun reference after he signed the plea agreement.[42]  Brown argues that

but for this alleged misinformation, he would not have pleaded guilty.

Because Brown's claim of ineffective assistance here challenges the validity

of the guilty plea and waiver, the Court will address the merits of the claim.

At the outset, the Court notes that any claim that Brown's plea and

waiver were made unknowingly and/or involuntarily, standing alone, is

procedurally barred.  The Court has already found that Brown's guilty plea

---

[40]     R. Doc. 130-1 at 19.

[41]     *Id.*

[42]     *Id.* at 19-20.

was made knowingly and voluntarily.[43]   When Brown filed his notice of appeal of his sentence, Brown's appellate counsel filed an *Anders* brief indicating his belief that there was no basis to argue that the plea was unknowing or involuntary,[44] and the Fifth Circuit agreed.[45]  Because the Fifth Circuit rejected Brown's claim that his plea and waiver were involuntary, Brown's claim that his plea was unknowing and involuntary, without more, is procedurally barred.  *See Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979); *United States v. Hudson*, No. 09-0171, 2015 WL 4042106, at *3 (E.D. La. June 30, 2015) ("Having been raised by [petitioner] and considered and disposed of by the Fifth Circuit, this claim is procedurally barred.").

Even assuming Brown's claim was not procedurally barred, his argument is without merit.  Brown has put forth no new evidence warranting the conclusion that both this Court and the Fifth Circuit were incorrect, nor has he shown how his counsels' performance in regard to his plea was deficient.   Regarding Brown's allegations that his attorneys knew the statement regarding the handgun was false, the only evidence even suggesting this knowledge is a self-serving affidavit from Brown attached to his motion attesting that he never possessed any gun in furtherance of any of

---

43      R. Doc. 100 at 9-11.
44      R. Doc. 130-2 at 26.
45      R. Doc. 124-1.

the crimes he pleaded guilty to.[46] Nevertheless, Brown still signed the factual

basis stating that he possessed this handgun, and he affirmed to this Court

that the information in the factual basis was true.[47]  Documents signed by

the defendant at the time of the guilty plea are entitled to "great evidentiary

weight."  *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994).

Additionally, Brown told the Court at his rearraignment that he was satisfied

with the advice and services of his attorney and made no mention of any

alleged misrepresentations or that any of his attorneys induced him to sign a

factual basis they knew to be false.[48]

Furthermore, Brown's attorneys made no misrepresentation regarding

Brown's ability to object to the handgun enhancement. Contrary to Brown's

assertions, his attorneys correctly told him that he could challenge the

enhancement based on the handgun possession at sentencing.  Brown did

object to this sentencing enhancement at sentencing, and the Court

overruled the objection because both the factual basis and the presentence

investigative report indicated that Brown did in fact possess the gun.[49]

---

[46]     R. Doc. 130-2 at 2.
[47]     R. Doc. 117 at 28.
[48]     *Id.* at 25.
[49]     R. Doc. 119 at 6-7 (Sentencing Transcript).

Brown's unsupported claim that ineffective assistance rendered his plea unknowing and involuntary, especially in light of his statements at his rearraignment, does not pass muster under *Strickland*. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (noting in the context of ineffective assistance claims, that "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue") (citation omitted). Further, his bare assertion that he "would not have plead[ed] guilty," without more, is insufficient to establish prejudice under *Strickland*. *See Hudson*, 2015 WL 4042106, at *7 (holding that petitioner's "bare assertion that he probably would have pleaded is insufficient to prove he suffered any prejudice under *Strickland*") (citation omitted).

An evidentiary hearing is not required under section 2255 when a prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *Edwards*, 42 F.3d at 264. Brown has provided nothing that might be considered an independent basis to suggest that his contentions are meritorious. In Brown's reply to the Government's brief, he argues that he is entitled to an evidentiary hearing because, according to Brown, the Government has lied and is "attempt[ing] to mislead the court."[50] The basis for Brown's serious allegation is that in the Government's reply, it cites page

---

[50]   R. Doc. 141 at 4.

14 of the presentence investigative report, which states that at the time of Brown's arrest, he lived with his friend, Melvin Magee.[51]  Brown claims that he and others have repeatedly read page 14, and they could not find the statement quoted by the Government, nor could Brown find it anywhere in the presentence investigative report.[52]  Despite Brown's contentions, the statement quoted by the Government clearly appears in the second paragraph on page 14.[53]  That Brown could not find the statement in the presentence investigative report does not show that he is entitled to an evidentiary hearing.[54]

In sum, it plainly appears from the motion and the record of the earlier proceedings that Brown is not entitled to relief on any of his claims.

## C.   Certificate of Appealability

When a district court enters a final order adverse to a petitioner under 28 U.S.C. § 2255, the court must issue or deny a certificate of appealability. Rules Governing Section 2255 Proceedings, Rule 11(a).  A court may issue a

---

[51]   R. Doc. 79 at 14 ¶ 68.
[52]   R. Doc. 141 at 4.
[53]   R. Doc. 79 at 14.  The page cited by the Government is number 14 in terms of its ECF page number, but it is actually page 13 of the report.  It is possible that Brown was reviewing this page instead of the page cited by the Government.
[54]   Nor does it indicate that the Government should be sanctioned, as Brown requests.

certificate of appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court requires the petitioner to show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). If the district court denied the petitioner's claims on procedural grounds, the petitioner must show that "jurists of reason" could debate whether (1) "the district court was correct in its procedural ruling," and (2) "the petition states a valid claim of the denial of a constitutional right." *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir.2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Brown's motion does not satisfy these standards. Brown's plea agreement contained a waiver of his right to collaterally challenge his conviction or sentence except under limited circumstances. Claims not alleging that ineffective assistance of counsel affected the validity of Brown's waiver of appeal and collateral challenge rights or the validity of the guilty plea have been waived. Furthermore, Brown has failed to establish that he was denied effective assistance of counsel based on his attorney's failure to challenge the handgun's inclusion in the factual basis or on any alleged

19

misrepresentations made by any of Brown's attorneys. The Court finds that Brown's arguments do not amount to a substantial showing that his constitutional rights were compromised, nor would they engender any type of debate among reasonable jurists.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES petitioner's motion. The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this __7th__ day of February, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE