UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 11-288 |
| DARRION BROWN | SECTION "R" (3) |

REPORT AND RECOMMENDATION

Before the Court is the Motion for Appointment of Counsel. [Doc. #147]. The District Court referred this motion to the undersigned for a report and recommendation. Having reviewed the motion, the case law, and the docket, **IT IS RECOMMENDED** that the motion be denied.

The history and current status of the case indicate that the motion should be denied. The record establishes that Brown was originally indicted on November 17, 2011 on various drug charges. [Doc. #1]. On June 18, 2013, he pleaded guilty to one count of the indictment, and on February 19, 2014, judgment was entered sentencing Brown to 135 months in prison as to Count 1, with the other counts being dismissed pursuant to a plea agreement. [Doc. #103]. During this time, Brown was represented by counsel, Juana Marine-Lombard. In his plea agreement, Brown waived all of his direct appeal rights, except to challenge a sentence beyond the statutory maximum. [Doc. #70 at pp. 3-4]. In addition, Brown had only fourteen (14) days from entry of judgment to file any direct appeal under Federal Rule of Appellate Procedure 4(b)(1)(A). Brown, proceeding *pro se* at this point, timely appealed the judgment on February 25, 2014. [Doc. #104].

On March 18, 2015, the Fifth Circuit dismissed the appeal as frivolous. [Doc. #124]. Brown, now represented by a federal public defender and later by private counsel, filed a motion to vacate his sentence under 28 U.S.C. § 2255. [Doc. #130]. The District Court denied the motion and refused to grant a certificate of appealability. [Doc. #142]. Brown, again proceeding *pro se*, appealed that order on February 16, 2017. [Doc. #144]. On April 5, 2017, the Fifth Circuit

dismissed that appeal for want of prosecution.  [Doc. #146].  Eight months later, on December 8, 2017, Brown filed this motion under review.

It thus appears that no direct appeal is available and that Brown seeks appointment of counsel in connection with – not an appeal – but a second not yet filed but anticipated motion challenging his guilty plea and/or sentence under 28 U.S.C. § 2255. Consistent with constitutional requirements, Federal Rule of Criminal Procedure 44(a) requires appointment of counsel for indigent persons only "through appeal." Thus, Brown's current motion is governed by 18 U.S.C. § 3006A(2)(B), which provides in pertinent part, "Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation **may** be provided for any financially eligible person who – is seeking relief under section 2241, 2254, or 2255 of title 28" (emphasis added). The use of the word "may" in this provision clearly makes the decision to appoint counsel in these circumstances discretionary with the court. *See United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) (holding that the Sixth Amendment right to counsel extends only through defendant's first appeal, after which the decision whether to appoint counsel rests in the discretion of the district court).

Some case law indicates that factors to be considered in the court's exercise of this discretion include the potential for merit in the claims, the futility of further investigation, the defendant's ability to articulate and present his own claim, and the nature of the claim. *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992).

Weighing these factors in this case militates in favor of denying the motion. Brown's motion to appoint counsel mentions no particular claim, and the record reveals nothing that might indicate any potential claim that might have merit. While Brown questions the investigative

methods of certain federal investigators currently under indictment in this Court, he makes no mention of any specific fact that would question the legitimacy of his plea or his sentence. Further investigation of factors concerning Brown's sentence would be futile in light of the full investigation already conducted by this Court's probation office in its presentence investigation report and the review of that report already conducted by defendant, his appointed counsel at that time, and the District Court. Brown appears to have sufficient ability to present his own post-conviction claims in a Section 2255 motion.

Rule 8 of the Federal Rules Governing Section 2255 Proceedings makes appointment of counsel mandatory at this stage of criminal proceedings only "[i]f an evidentiary hearing is required," at which time "the judge shall appoint counsel for a movant who qualifies for the appointment." Since no new Section 2255 motion has yet been filed, there is no basis on which an evidentiary hearing might be contemplated. Accordingly,

**IT IS RECOMMENDED** that the Motion for Appointment of Counsel [Doc. #147] be DENIED.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.   28 U.S.C. ' 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to de novo review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 3rd day of January, 2018.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**